UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

CORAL WAY 107, LLC and RUVOSAL
LLC,
      Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel,

hereby files this Complaint and sues Defendants, CORAL WAY 107, LLC and RUVOSAL LLC

(hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act,

42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28

C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants'

violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      The subject property is a shopping plaza located at 10670-10682 SW 24th Street,

Miami, FL 33165, within which is located a restaurant at 10674 SW 24th Street (collectively, the

"Subject Premises").

3.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is

proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade

County.

1

**PARTIES**

4.      Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Miami-Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, which limits his major life activities including but not limited to walking and require the use of mobility aids. Plaintiff is a qualified individual under the ADA.

5.      Defendant, CORAL WAY 107, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6.      Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, CORAL WAY 107, LLC, is the owner of the Subject Premises.

7.      Defendant, RUVOSAL LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "AL FORNO NEAPOLITAN WOOD FIRED PIZZA" located at the Subject Premises.

8.      According to the Florida Department of Business and Professional Regulation, the Defendant, RUVOSAL LLC, d/b/a AL FORNO NEAPOLITAN WOOD FIRED PIZZA, was issued a Permanent Food Service Seating license on February 4, 2020 for the Subject Premises.

9.      Records maintained by the Miami-Dade County Department of Regulatory and Economic Resources reflect that multiple Unincorporated Certificates of Use were issued for the Subject Premises with four being issued as recently as 2023.

10.      The shopping plaza located at 10670–10682 SW 24th Street, Miami, Florida 33165, is a commercial retail property offering space for various businesses and establishments open to members of the general public, including AL FORNO, and other retail and service-oriented businesses. The property allows individuals to enter the premises and access the businesses located

therein, which operate as places of public accommodation. The Plaintiff appreciates the availability of the food, goods and services offered by the businesses located at the Subject Premises. However, despite the Plaintiff's interest in accessing the plaza and its tenant businesses, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and utilize the property and the goods and services offered therein, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

11.     Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

12.     Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

13.     Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

14.     Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

15.     Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public

accommodations to comply with the updated standards by March 15, 2012.

16. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17. As the Subject Premises was designed, constructed, and received its Certificate of Use in 2023, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

18. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21. Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22. Plaintiff intends to return to the Subject Premises in the near future to utilize the

goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

23.     Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

24.     Defendants, CORAL WAY 107, LLC and RUVOSAL LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25.     CORAL WAY 107, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26.     RUVOSAL LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Exterior Accessible Route**

**i. Non-Compliant Entrance Thresholds**
The entrance thresholds at multiple entrances throughout the shopping plaza exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from independently accessing the shopping plaza. This is a violation of ADAAG §§206, 206.2.1,

5

303.2, 404, and 404.2.5. Providing compliant entrance thresholds is readily achievable.

**ii. Missing Accessibility Signage**

Required International Symbol of Accessibility signage is not provided at multiple entrances throughout the shopping plaza, preventing Plaintiff and other disabled individuals from identifying the accessible entrances. This is a violation of ADAAG §§216 and 216.6. Installing compliant signage is readily achievable.

**iii. Unsecured Floor Mats**

Floor mats located at multiple entrances throughout the shopping plaza are not secured to the floor surface, creating tripping hazards and preventing Plaintiff and other individuals with mobility impairments from safely traversing the accessible routes. This is a violation of ADAAG §§302 and 302.2. Securing or removing the floor mats is readily achievable.

**Al Forno Neapolitan Wood Fire Pizza**

**iv. Inaccessible Service Counter**

The service counter is inaccessible because a lowered accessible portion is not provided for either a parallel or forward approach, preventing Plaintiff and other wheelchair users from utilizing the service counter. This is a violation of ADAAG §§904.4.1 and 904.4.2. Providing a compliant accessible service counter is readily achievable.

**v. Inaccessible Alternative Service Table**

An alternative service table with the required knee and toe clearance is not provided, preventing Plaintiff and other wheelchair users from utilizing the service area. This is a violation of ADAAG §§306, 306.2, 306.3, 902, and 902.2. Providing a compliant accessible service table is readily achievable.

**Interior Accessible Route**

**vi. Accessible Route to Restroom Not Provided**

The accessible route to the restroom does not provide the required minimum clear width due to the obstruction of a couch, preventing Plaintiff and other wheelchair users from accessing the restroom. This is a violation of ADAAG §§403 and 403.5.1. Removing or relocating the couch is readily achievable.

**Restroom**

**vii. Non-Compliant Restroom Signage**

Compliant wall signage identifying the restroom is not provided on the latch side of the restroom door, preventing disabled individuals from independently identifying and locating the restroom. This is a violation of ADAAG §§216.8, 703.4, and 703.4.1. Installing compliant restroom signage is readily achievable.

**viii. Insufficient Maneuvering Clearance at Restroom Door**

The restroom door does not provide the required latch-side maneuvering clearance,

6

preventing Plaintiff and other wheelchair users from safely entering and exiting the restroom. This is a violation of ADAAG §§404 and 404.2.4.1. Providing compliant maneuvering clearance is readily achievable.

### ix. Inaccessible Mirror

The mirror is mounted above the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirror. This is a violation of ADAAG §§603 and 603.4. Lowering the mirror to a compliant height is readily achievable.

### x. Inaccessible Water Closet

The water closet does not provide the required clear floor space due to the obstruction of the lavatory and trash can, preventing Plaintiff and other wheelchair users from safely using the fixture. This is a violation of ADAAG §§604 and 604.3.1. Providing compliant clearances is readily achievable.

### xi. Inaccessible Flush Control

The flush control is not mounted on the open side of the water closet, preventing Plaintiff and other disabled individuals from safely operating the fixture. This is a violation of ADAAG §§603 and 604.6. Relocating the flush control is readily achievable.

### xii. Inaccessible Toilet Paper Dispenser

The toilet paper dispenser is not located in the required position adjacent to the water closet. This is a violation of ADAAG §§604 and 604.7. Relocating the toilet paper dispenser is readily achievable.

### xiii. Non-Compliant Rear Grab Bar

The rear grab bar is not mounted in the required location and is mounted at a non-compliant height, preventing Plaintiff and other disabled individuals from safely using the water closet. This is a violation of ADAAG §§604.5.2, 609, and 609.4. Repositioning the rear grab bar is readily achievable.

### xiv. Non-Compliant Side Grab Bar

The side grab bar is not mounted in the required location and is mounted at a non-compliant height, preventing Plaintiff and other disabled individuals from safely using the water closet. This is a violation of ADAAG §§604.5.1, 609, and 609.4. Repositioning the side grab bar is readily achievable.

### xv. Inaccessible Lavatory

The lavatory exceeds the maximum allowable height and does not provide the required knee and toe clearance, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for use of the lavatory. This is a violation of ADAAG §§606, 606.2, 606.3, 306.2, and 306.3. Providing a compliant lavatory is readily achievable.

### xvi. Non-Compliant Toilet Paper Dispenser Clearance

The toilet paper dispenser does not provide the required minimum clearance above the side grab bar because it is mounted too close to the grab bar, preventing safe use of the grab bar

by disabled individuals. This is a violation of ADAAG §§609 and 609.3. Relocating the toilet paper dispenser is readily achievable.

28.    Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29.    Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff, MR. PINERO, is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30.    Plaintiff lives approximately five (5) miles from the Subject Premises and intends to return within the next six (6) months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if he is able to do so.

31.    The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm.

Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

33.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com